UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JASON LYONS, and wife, AMY LYONS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:19-CV-325-HBG |
| ) | |
| THE ERIE INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 14].

Now before the Court is Plaintiffs' Motion to Strike Affirmative Defense of Concealment, Fraud, or Misrepresentation [Doc. 22]. Defendant has responded [Doc. 25] in opposition to the Motion, and Plaintiffs filed a reply [Doc. 26]. The Motion is ripe for adjudication. Accordingly, for the reasons stated below, the Court **DENIES** Plaintiffs' Motion [**Doc. 22**].

### I. POSITIONS OF THE PARTIES

Plaintiffs move, pursuant to Federal Rule of Civil Procedure 9(b), to strike Defendant's Sixteenth Affirmative Defense, alleging concealment, fraud, or misrepresentation. For grounds, Plaintiffs state that Defendant did not state with particularity the circumstances constituting the fraud or misrepresentation.

Defendant asserts that motions to strike are viewed with disfavor and are not frequently granted. Defendant argues that it has met the pleading requirements of Rule 9. Specifically,

Defendant asserts that it has pled that Plaintiffs misrepresented the facts and circumstances of their loss during (1) submission of documents to Defendant; (2) giving statements to Defendant; and (3) during their respective examinations under oath. Defendant argues that Plaintiffs have not filed any discovery requests to ascertain the statements that Defendant believes to be untruthful. In the alternative, Defendant seeks to amend its Answer pursuant to Rule 15.[1]

In reply, Plaintiffs argue that Defendant's Sixteenth Affirmative Defense should be stricken pursuant to Rules 9(b) and 12(f). Plaintiffs argue that at least one federal court has held that a similar affirmative defense was not sufficient under Rule 9(b). Plaintiffs assert that Defendant's Sixteenth Affirmative Defense fails to mention the content of the claimed representations or the consequences thereafter.

## II. ANALYSIS

The Court has considered Plaintiffs' request, and for the reasons more fully explained below, the Court finds the request not well taken.

Rule 9(b) requires a party asserting fraud or mistake to plead the circumstances thereof with particularity. Fed. R. Civ. P. 9(b). In addition, Rule 12(f) states as follows:

> **(f) Motion to Strike.** The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
>
> **(1)** on its own; or
>
> **(2)** on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

---

[1] Defendant did not file a proposed amended Answer with its request to amend in accordance with Local Rule 15.1.

Fed. R. Civ. P. 12. "Motions to strike are viewed with disfavor and are not frequently granted." *Operating Engineers Local 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) (citations omitted). Specifically, "[t]he function of the motion is to 'avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with' them early in the case." *Id.* (quoting *Kennedy v. City of Cleveland,* 797 F.2d 297, 305 (6th Cir. 1986)) (other quotations omitted). As the Sixth Circuit has explained, "A motion to strike should be granted if 'it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense and are inferable from the pleadings.'" *Id.* (quoting *Williams v. Jader Fuel Co.,* 944 F.2d 1388, 1400 (7th Cir. 1991)) (citations and internal quotation marks omitted); *see also Jeeper's of Auburn, Inc. v. KWJB Enter., L.L.C.,* No. 10-13682, 2011 WL 1899195, at *1 (E.D. Mich. Mar. 16, 2011), (explaining that a defense is insufficient if "as a matter of law, the defense cannot succeed under any circumstances") *report and recommendation adopted*, No. 10-13682, 2011 WL 1899531 (E.D. Mich. May 19, 2011).

As an initial matter, the Court notes that Plaintiffs' Motion was filed beyond the twenty-one (21) days permitted under Rule 12(f).[2] Defendant filed its Answer on August 26, 2019, and Plaintiffs' Motion to Strike was filed on July 10, 2020, which is well beyond the twenty-one (21) days permitted. *Battaglia v. United States,* No. 1:07CV778, 2010 WL 11561510, at *2 (N.D. Ohio Aug. 30, 2010) (denying a motion to strike as untimely). Nevertheless, the Court has reviewed the merits of the Motion. *Hill v. Herbert Roofing & Insulation, Inc.,* No. 13-CV-11228, 2014 WL 234217, at *2 (E.D. Mich. Jan. 22, 2014) (considering the merits of an untimely motion to strike).

---

[2] The Court notes that Defendant did not raise timeliness in its Response; however, Plaintiffs did not cite Rule 12(f) in their opening brief.

As mentioned above, Plaintiffs argue that Defendant's Sixteenth Affirmative Defense was not pled with particularity. Specifically, Defendant's Sixteenth Affirmative Defense states as follows:

> Plaintiffs are not entitled to recover any money from Erie because of Plaintiffs' own violations of the policy. Erie avers that the fire at Plaintiffs' residence was not accidental, and was set by or at the direction of one or more of the Plaintiffs with the intent to defraud Erie. Following the loss and in the presentation of the claim and in dealing with Erie, in submitting documents, giving statements, presenting for Examinations Under Oath and in many dealings with Erie, Plaintiffs have made multiple misrepresentations and intentionally concealed and misrepresented material facts and circumstances concerning this insurance and the loss. Therefore, Plaintiffs cannot recover under the policy of insurance issued by Erie.

[Doc. 5 at 5].

The Court does not find Defendant's Sixteenth Affirmative Defense to be redundant, immaterial, impertinent, or scandalous. Fed. R. Civ. P. 12(f). Further, the Court finds that Plaintiffs have not shown that the Sixteenth Affirmative Defense cannot succeed under any circumstances. *Jeeper's of Auburn,* 2011 WL 1899195, at *1 (a defense is insufficient if "as a matter of law, the defense cannot succeed under any circumstances"). Finally, while Plaintiffs argue that Defendant did not plead the content of the misrepresentations or the consequences therefore with particularity, the Court finds that the appropriate course of action is for the parties to proceed with discovery on Defendant's allegations as opposed to striking them under Rule 12(f).[3]

---

[3] Plaintiffs rely on *Shipwash v. United Airlines, Inc.*, 28 F. Supp. 740 (E.D. Tenn. 2014) in support of their argument. In *Shipwash*, the Court dismissed plaintiff's claim of fraud because plaintiff failed to provide the specific allegations as to the fraudulent scheme. *Id.* at 751. In *Shipwash*, however, defendant filed a motion to dismiss, which tests the sufficiency of the allegations in a pleading. Further, Plaintiffs also rely on *Boardwalk Apartments, L.C. v. State Auto Prop. & Cas. Ins. Co.*, No. 11-CV-2714-JAR-KMH, 2012 WL 3024712, at *4 (D. Kan. July 24,

## III. CONCLUSION

Accordingly, for the reasons explained above, the Court **DENIES** Plaintiffs' Motion to Strike Affirmative Defense of Concealment, Fraud, or Misrepresentation [**Doc. 22**].

**IT IS SO ORDERED.**

ENTER:

*Bruce Guyton*
United States Magistrate Judge

---

2012) in support of their argument, but in *Boardwalk*, the court denied plaintiff's motion to strike and allowed defendant to file a motion to amend.